IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dawn Lusk, ) | Case No. 8:21-cv-01976-DCC-KFM |
|                Plaintiff, ) | |
| v. ) | **ORDER** |
| Bradley Norton, April Peppers, Chris Merchant, the Town of Salem, the United States of America, ) | |
|                Defendants. ) | |
| _____ ) | |

This matter is before the Court upon a Motion to Dismiss filed by Chris Merchant and April Peppers in their individual capacities and the United States of America (collectively, "the Moving Defendants"). ECF No. 68. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 31, 2022, the Magistrate Judge recommended that the Moving Defendants' Motion be granted. ECF No. 96. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections. ECF No. 98.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff brings the present action pursuant to the Federal Tort Claims Act ("FTCA"), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 5 U.S.C. § 552 as to the Moving Defendants. ECF No. 37. The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference.

With respect to Plaintiff's claims for negligence, gross negligence, and recklessness alleged in the first cause of action and her claims for negligent hiring, supervision, and retention in the second cause of action, the Magistrate Judge recommends finding these claims are barred by 28 U.S.C. § 2680(h). The Magistrate Judge further recommends finding that the second cause of action is precluded by the discretionary function doctrine. Regarding her *Bivens* claims in the fourth cause of action,

the Magistrate Judge recommends dismissal because Plaintiff's claims arise from a new context and special factors do not weigh in favor of extending *Bivens*. Finally, the Magistrate Judge recommends dismissal of the sixth cause of action for failure to exhaust administrative remedies. As stated above, Plaintiff filed objections to the Report, which the Court will address in turn.

In the first objection, Plaintiff objects to the dismissal of her claims against the United States of America pursuant to 28 U.S.C. § 2680(h) and states that the Supreme Court determined in "*Sheridan v. United States*, 487 U.S. 392, 401–02 (1988), [that] § 2680(h) of the FTCA does not bar negligence claims related to an assault or battery committed by a government employee if the government has breached an affirmative duty that is 'entirely independent of [the tortfeasor's] employment status' such that 'the employee status of the assailant has nothing to do with the basis for imposing liability on the government." ECF No. 98 at 1. Plaintiff's second objection also references *Sheridan* and she asserts that Peppers's "employment status has nothing to do with the basis of imposing liability on the government." *Id.* at 1–2.

As an initial matter, the Magistrate Judge provided a thorough discussion of the *Sheridan* decision. ECF No. 98 at 6–11. Upon de novo review, the Court finds that Plaintiff is correct that *Sheridan* involves an exception to § 2680(h); however, such exception does not apply in this action. *Sheridan* stands for the proposition that § 2680(h) does not bar negligence claims related to assault and battery by a government employee if the government has breached an affirmative duty independent of the employee's

employment status such that "the employment status of the assailant has nothing to do with the basis for imposing liability on the government." 487 U.S. at 401–02.

Plaintiff argued that Peppers and Merchant violated a regulation and policy of the United States Postal Service ("USPS"), which created a statutory duty, memorialized in 39 C.F.R. § 447.21(d) and the USPS Employee and Labor Relations Manual § 665.24, such that § 2680(h) is inapplicable to the present action. This regulation and policy fail to create a public duty. *See Murphy v. Fields*, C.A. No. 3:17-2914-CMC, 2019 WL 5417735, at *7 (D.S.C. Oct. 23, 2019) ("South Carolina courts have determined the public duty rule only comes into play when, 'and only when, the plaintiff relies upon a statute as creating the duty.'"); *see also Arthurs ex rel. Estate of Munn v. Aiken Cnty.,* 551 S.E.2d 579, 582 (S.C. 2001) (setting forth a six-factor test for determining whether a "special duty" exists towards individual members of the public).

Here, it is clear that the regulation and policy cited by Plaintiff were not intended to protect against a particular type of harm. Moreover, the regulation fails to impose a duty to guard against or not cause that harm on a specific public office; there is no class of persons identified; and Plaintiff is not a person within the protected class. Finally, neither "customer" or "public" is mentioned in the policy or regulation. Therefore, no independent duty exists.

Moreover, Plaintiff's claims arise from her interaction with Peppers and Merchant; accordingly, her claims are excepted from the waiver of sovereign immunity under the FTCA. As noted by the Magistrate Judge, Plaintiff cannot recast intentional tort actions

into a negligent supervision and retention action to avoid the exception to the waiver of sovereign immunity found in § 2680(h).

Further, unlike in *Sheridan*, her claims arise out of the employment relationship between Peppers, Merchant, and the USPS. The first cause of action is subject to dismissal for lack of subject matter jurisdiction because the allegations arise out of an assault and battery and are excepted from the general waiver of sovereign immunity under the FTCA. *See Ryan v. U.S.*, 156 F. Supp.2d 900, 907 (N.D. Ill. 2001) (holding that negligent hiring, supervision, or retention claims against the United States arose out of underlying assault and battery by USPS employee "where the plaintiff would have no claim but for the assault or battery," and "such claims are barred by § 2680(h), unless the government owes an independent affirmative duty to the plaintiff"). Accordingly, these objections are overruled.

In her third objection, Plaintiff argues that her negligent hiring, supervision, and retention claim should not be dismissed because the United States of America has an affirmative duty independent of its employment relationship with Peppers. In her fourth objection, Plaintiff's argues that her negligent hiring, supervision, and retention claim is not precluded by the discretionary function exception to the FTCA's waiver of sovereign immunity. ECF No. 98 at 2. Both of these objections appear to relate to Plaintiff's second cause of action.[1]

---

[1] In her fifth objection, Plaintiff "acknowledges that *Su[t]er v. United States*, 441 F.3d 306 (4th Cir. 2006), has ruled that negligent hiring claims fall within the FTCA exception." ECF No. 98 at 2. Therefore, the Court will not specifically address this objection.

As an initial matter, the Magistrate Judge recommends that this claim be dismissed because it is precluded under the FTCA by 28 U.S.C. § 2680(h) because it arises out of an alleged assault and battery and Plaintiff has not identified any independent affirmative duty owed to her by the USPS independent of its employment relationship with Peppers. ECF No. 96 at 11.  Upon de novo review, the Court agrees with the Magistrate Judge for the reasons stated above and in the Report.

The Magistrate Judge also recommends dismissal of this claim because it is precluded by the discretionary function exception.  The Court questions whether Plaintiff has specifically objected to this recommendation; however, out of an abundance of caution, the undersigned will briefly address this ground for dismissal.

The discretionary function exception provides that the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  To determine whether the exception applies, a court conducts a two-step inquiry: first, the court must determine whether the challenged conduct "involves an element of judgment or choice," and, second, if the conduct does involve discretionary judgment, then the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield."  *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988) (citations omitted).

Here, the USPS's decisions regarding the hiring, retention, and supervision of Peppers and Merchant meet the test articulated in *Berkovitz*.  Plaintiff's second cause of

action is subject to dismissal for lack of subject matter jurisdiction under the discretionary function exception to the general waiver of sovereign immunity under the FTCA. *See LeRose v. United States*, 285 F. App'x 93, 97 (4th Cir. 2008) ("The BOP's decisions regarding the hiring, supervision, and retention . . . are precisely the type of decisions that are protected under the discretionary function exception. . . ."); *see also Suter v. United States*, 441 F.3d 306, 311 n.6 (4th Cir. 2006) ("Appellants' claim that the FBI negligently hired and supervised [its employee] is barred by the discretionary function exception. Courts have repeatedly held that government employers' hiring and supervisory decisions are discretionary functions."). Accordingly, Plaintiff's objections are overruled.

Plaintiff's sixth, seventh, eighth, and ninth objections all relate to her fourth cause of action. With respect to her *Bivens* claims, Plaintiff argues that they do not arise out of or extend *Bivens* to a new context, that the FTCA provides an insufficient alternative remedy because the Magistrate Judge recommends dismissal of her FTCA claims, and the remedy does not significantly expand the potential liability. ECF No. 98 at 2–3.

As stated above, the Magistrate Judge recommends finding that Plaintiff's claims arise in a new context that differs from prior cases recognizing *Bivens* causes of action and that special factors weigh against extending *Bivens*. *See* ECF No. 96 at 13–20. Upon de novo review, the Court agrees.

In deciding whether this case presents "a new *Bivens* context," a court must consider if the plaintiff's claims are "'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (citing *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1859–60 (2017)). Here, Plaintiff's claims in her

fourth cause of action pertain to an altercation between a USPS worker and a customer, which is a completely different factual basis and category of defendant than that in *Bivens*; *Davis v. Passman*, 442 U.S. 228 (1979); and *Carlson v. Green,* 446 U.S. 14 (1980). Because the Court finds that Plaintiff's claims arise in a new context, it will now turn to a discussion of the relevant special factors.

In evaluating special factors, courts consider whether "any alternative, existing process for protecting the [injured party's] interest" is in place, which "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858 (citation omitted). Here, Congress has created alternative processes to redress the type of harm alleged by Plaintiff including her ability to assert claims under common law tort and the FTCA. *See Waybright v. Frederick Cnty., Md.*, 528 F.3d 199, 205 (4th Cir. 2008) ("[W]here a claim sounds both in state tort law and substantive due process, state tort law is the rule and due process the distinct exception[.]"). The Supreme Court has found that state law remedies offer an alternative process, *see Minneci v. Pollard*, 565 U.S. 111, 131 (2012), and several courts in this circuit have cited the FTCA's availability as a special factor counseling against the creation of a new *Bivens* remedy. *See, e.g., Williams v. Lynch*, C.A. No. 1:16-3043-DCC, 2018 WL 4140667, at *4 (D.S.C. Aug. 30, 2018).

As discussed above and in more detail in the Report, Plaintiff's claims in her first and second causes of action fall under the FTCA's exceptions; however, this does not affect the FTCA's relevance as a special factor. *See Oliveras v. Basile*, 440 F. Supp.3d 365, 374 (S.D.N.Y. 2020) ("[J]ust because Congress has not enacted a remedial scheme that would satisfy plaintiff on the facts of his particular case does not mean that the

alternative remedial scheme that it did pass is inadequate under *Ziglar*." (citation omitted)). Instead, Congress's exemption of a particular category of conduct from liability is itself "legislative action suggesting that Congress does not want a damages remedy." *Williams v. Lynch*, No. 1:16-cv-3043-DCC, 2018 WL 4140667, at *4 (D.S.C. Aug. 30, 2018) (quoting *Ziglar*, 137 S. Ct. at 1865). Further, with respect to Plaintiff's allegation of a procedural due process claim related to her Freedom of Information Act ("FOIA") request, FOIA allows plaintiffs to appeal a denial of a request and to sue to compel compliance. 5 U.S.C. § 552(a)(4)(B). This is yet another alternative process that counsels against creating the remedy requested by Plaintiff. *See Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002).[2]

With respect to whether the creation of the remedy sought by Plaintiff would significantly expand the potential liability of federal officials, the Court agrees with the Magistrate Judge that it would given the broad nature of Plaintiff's claims. Accordingly, these objections are overruled.

In her tenth objection, Plaintiff argues that the Magistrate Judge erred in recommending that her FOIA claim be dismissed for failure to exhaust administrative remedies. ECF No. 98 at 3. Plaintiff contends that even if she failed to exhaust her

---

[2] The Court has reviewed de novo the Magistrate Judge's consideration in the special factors analysis of whether Plaintiff's proposed cause of action would not be workable. Upon such review, the Court agrees with the Magistrate Judge. Because Plaintiff has not specifically objected to this portion of the analysis, the Court dispenses with its own discussion of this section and incorporates the Magistrate Judge's analysis.

administrative remedies, "it is illogical to require the plaintiff to refile and relitigate this action in order to add such language."

Plaintiff alleges a violation of 5 U.S.C. § 552 based on USPS's alleged improper withholding of documents responsive to her FOIA request "in that the agency responded to the plaintiff's request by estimating a minimum cost of $468,048.00 for responsive documents." ECF No. 37 at 16. Generally, a person requesting information pursuant to FOIA must exhaust her administrative remedies through the FOIA administrative process prior to seeking judicial review. "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990).

Here, Plaintiff initially requested six categories of documents from the USPS and later withdrew one. Plaintiff states that, in response to request numbers 2, 3, and 4, the USPS estimated that, at a minimum, the responsive documents would cost $468,048.00 to produce. Plaintiff's request numbers 1 and 6, were denied by the USPS on May 26, 2020. On June 4, 2020, Plaintiff appealed this denial. The appeal did not mention the production costs for request numbers 2, 3, and 4. Accordingly, Plaintiff did not exhaust her administrative remedies as to her requests for which the USPS required fees of $468,048.00, which is the claim that she brings in her Amended Complaint.

As noted by the Magistrate Judge, Plaintiff has not alleged that she paid the fee, applied for a fee waiver, was granted or denied a fee waiver, appealed any refusal to waive fees, or in any other way disputed the USPS's fee determination. *See Caetano v. Internal Rev. Serv.*, C.A. No. 1:22-837, 2022 WL 3327493, at *7 (E.D. Cal. Aug. 11, 2022)

(finding plaintiff failed to allege facts sufficient to establish subject matter jurisdiction over FOIA claim and failed to state a cognizable claim under the FOIA where nowhere in the complaint did he allege "that he paid the fees, applied for a fee waiver, was granted a fee waiver, was denied a fee waiver, or appealed any refusal to waive fees" (citations omitted)); *see also Aguirre v. U.S. Nuclear Reg. Comm.*, 11 F.4th 719, 726–27 (9th Cir. 2021) (FOIA requestor failed to exhaust where he did not pay the required fees, and his appeal letter attacked the agency's delayed response and production timeline but did not dispute the agency's fee determination). Accordingly, Plaintiff has failed to exhaust her administrative remedies as to the fee issue raised in the Amended Complaint and her FOIA claim should be dismissed for failure to state a claim.

In Plaintiff's eleventh objection, she argues dismissal of the above referenced claims would deny her the right to a trial. She further states that "[a]ll filings with the court, including the plaintiff's response to the defendant's motions to dismiss and the authority contained therein, are incorporated into these objections by reference." ECF No. 98 at 3.

With respect to Plaintiff's first point, it overlooks the function of a motion to dismiss in civil litigation. In granting any motion to dismiss, certain claims will not go forward to trial; however, the undersigned is unaware of any binding caselaw that requires all claims brought by a plaintiff to proceed to trial in order to preserve her rights.

As to Plaintiff's second point, the Court has conducted a de novo review of the record, the Report, and the applicable law in this action. To the extent Plaintiff's incorporation of prior arguments could be viewed as an invitation for the Court to create

its own arguments in support of her objections, the Court declines to do so but will continue to address Plaintiff's specific objections. Accordingly, this objection is overruled.

In Plaintiff's twelfth objection, she asserts that dismissal of her claims "would violate the Equal Protection Clause by leaving similarly situated individuals with a remedy while denying the plaintiff of the same remedy." ECF No. 98 at 3. Plaintiff does not provide any additional context. In light of the fact that Plaintiff has provided no additional argument as to why her equal protection rights would be violated beyond the dismissal of his case, Plaintiff's objection is overruled.

In Plaintiff's thirteenth objection, she asserts that dismissal of her claims would leave her without a remedy for violations of her First and Fourth Amendment rights. ECF No. 98 at 3. The Court notes that dismissals of a plaintiff's First and Fourth Amendment claims have been upheld many times. *See, e.g., Feldbush v. Cnty. of Prince William*, 1 F. App'x 187 (4th Cir. 2001); *Antonio v. Moore*, 174 F. App'x 131 (4th Cir. 2006). In the absence of additional argument, the Court overrules this objection.

In Plaintiff's fourteenth objection, she argues that the Magistrate Judge treats Peppers's actions as intentional as a matter of convenience. ECF No. 98 at 4. To the extent that this objection relates to her first cause of action, the Court agrees with the Magistrate Judge that Plaintiff "cannot recast this intentional tort action into a negligent supervision and retention action to avoid the sweeping language of the exception to the waiver of sovereign immunity found in § 2680(h)." *See* ECF No. 96 at 10. Plaintiff further argues that Merchant's negligence is separate from Peppers's conduct in that Merchant

mistreated and humiliated her.  The Court incorporates the Magistrate Judge's discussion on pages 10–11 of the Report.  Accordingly, this objection is overruled.

In her fifteenth objection, Plaintiff contests dismissal of the Moving Defendants when the Magistrate Judge did not discuss her third and fifth cause of action.  ECF No. 98 at 4.  Upon review of the Amended Complaint, the third cause of action names Defendants Norton and the Town of Salem.  That claim is not implicated by the Moving Defendants' Motion to Dismiss.  In her fifth cause of action, Plaintiff alleges that

> Upon information and belief, Norton combined and conspired with one or more employees of the Oconee County Sheriff's Office, and/or the Post Office, and/or other governmental employees for the purpose of injuring the plaintiff.  Norton and Oconee County Sheriff's Office employees combined to prevent Norton's brother, a municipal judge, from entering a restraining order preventing Peppers from contacting or attacking the plaintiff.

ECF No. 37 at 15.[3]  To the extent Plaintiff intends to bring this cause of action against the Moving Defendants, Plaintiff has not stated a cognizable claim against them.  *See Bhattacharya v. Murray*, 515 F. Supp. 3d 436, 464–65 (W.D. Va. 2021) ("Bhattacharya has expressly acknowledged that the bias against him was not motivated by any discriminatory animus toward his race or national origin.  Rather, his contention is that the

---

[3] The Court notes that the fifth cause of action is not discussed by the Moving Defendants in their Motion, in Plaintiff's Response in Opposition to the Motion, or by the Magistrate Judge in the Report.  *See* ECF Nos. 68, 77, 96.  Therefore, the Court is not obligated to consider the argument at this procedural posture.  *Sisco v. Comm'r of Soc. Sec. Admin.*, No. CV 9:17-3076-TMC, 2019 WL 396605, at *4 (D.S.C. Jan. 31, 2019) ("Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.").

alleged conspiracy was motivated by animus based on 'ideological views.' But this is not the type of class-based discriminatory animus that is cognizable under § 1985(3) in this Circuit." (citing *Harrison v. KVAT Food Mgmt., Inc.*, 766 F.2d 155, 157 (4th Cir. 1985)); *Batiste v. Fed. Bureau of Prisons*, No. 5:13-CV-13565, 2013 WL 6589878, at *3 (S.D.W. Va. Dec. 16, 2013) ("The elements of proof for a § 1985(3) cause of action are: '(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.'" (quoting *Simmons v. Poe,* 47 F.3d 1370, 1376 (4th Cir.1995)); *id.* ("Crucially, [the plaintiff] failed to allege a specific class-based discriminatory animus that motivated the Defendants' actions, and such omission is fatal to his claim.");

In Plaintiff's sixteenth objection, she argues that the Magistrate Judge improperly acted as a fact finder. ECF No. 98 at 4. The Court disagrees and is of the opinion that the Magistrate Judge's recommendations were based upon relevant legal precedent. Accordingly, this objection is overruled.[4]

## **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. The Moving Defendants' Motion to Dismiss [68] is **GRANTED**.

IT IS SO ORDERED.

---

[4] The Court notes that any portion of the Report not specifically discussed above is adopted by the undersigned.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

December 16, 2022
Spartanburg, South Carolina